# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

ALEJANDRO QUEZADA,
   Petitioner,

       v.

UNITED STATES OF AMERICA,
   Respondent.

CIVIL NO. 15-2111 (JAG)

## OPINION AND ORDER

GARCIA-GREGORY, D.J.

Pending before the Court is Petitioner Alejandro Quezada's ("Petitioner") Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in Criminal Case No. 13-808 (JAG). Docket No. 1. The Government opposed. Docket No. 7. For the reasons set forth below, the Court **DENIES** Petitioner's Motion.

## BACKGROUND

On November 6, 2013, a Grand Jury returned a two count Indictment charging Petitioner with narcotics violations. *United States v. Quezada*, Crim. No. 13-808, ECF. 10 (JAG) (D.P.R. filed at Nov. 6, 2013). Count one charged Petitioner with a conspiracy to import narcotics into the United States from a place outside in violation of 21 U.S.C. § 963. *Id.* Count two charged Petitioner with conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846. *Id.* On April 3, 2014, Petitioner pled guilty to Count ONE of the Indictment. *Quezada*, Crim. No. 13-808, ECF. 45 (JAG). The Plea Agreement between Petitioner and the Government stipulated to a total offense level of thirty one and ultimately recommended a sentence of confinement of 120 months. *Id.* at 4.

On August 8, 2014, a sentencing hearing was held. *Quezada*, Crim. No. 13-808, ECF. 67 (JAG). Petitioner was sentenced to a term of imprisonment of 135 months, followed by five years of supervised release, and a special monetary assessment of $100.00. *Quezada*, Crim. No. 13-808, ECF. 68 (JAG). The remaining count was dismissed. *Id.* The sentence was later amended and reduced to 120 months pursuant to 18 U.S.C. § 3582(c)(2). *Quezada*, Crim. No. 13-808, ECF. 98 (JAG). A review of the record shows that Petitioner did not appeal his sentence. On August 17, 2015, Petitioner timely filed a Motion under 28 U.S.C. § 2255. Docket No. 1.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may petition to vacate, set aside, or correct his or her sentence by showing that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." However, "[r]elief under [§ 2255] is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citations omitted); s*ee Knight v. United States*, 37 F.3d 769, 772-73 (1st Cir. 1994).

A motion under Section 2255 is not a substitute for a direct appeal. *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016). Thus, "as a general rule, federal prisoners may not use a motion under 28 U.S.C. § 2255 to relitigate a claim that was previously rejected on direct appeal." *Id.* (citations omitted). Moreover, "[c]ollateral relief in a § 2255 proceeding is generally unavailable if the petitioner has procedurally defaulted his claim by failing to raise the claim in a timely manner at trial or on direct appeal." *Bucci v. United States*, 662 F.3d 18, 27 (1st Cir. 2011) (quotation marks and citations omitted). If a Section 2255 petitioner does not raise a claim on direct appeal, that claim

is barred from the Court's review unless the Petitioner can demonstrate both (1) cause for the procedural default and (2) actual prejudice resulting from the error asserted. *Id.*; *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

Because Petitioner brings this collateral attack *pro se*, the Court construes the submissions liberally and holds them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted). Courts may dismiss *pro se* complaints "only if a [petitioner] cannot prove any set of facts entitling him or her to relief." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997) (citing *Rockwell v. Cape Cod Hosp.*, 26 F.3d 254, 255 (1st Cir. 1994)); *see Xiaoyan Tang v. Citizens Bank, N.A.*, 821 F.3d 206, 219 (1st Cir. 2016). "However, *pro se* status does not insulate a party from complying with procedural and substantive law. The policy behind affording *pro se* [petitioners] liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." *Ahmed*, 118 F.3d at 890 (citation omitted). Thus, a *pro se* petitioner is not exempt from having to put forth the "requisite supporting facts" for each element of his or her claim. *See id.*

## ANALYSIS

In his § 2255 motion, Petitioner raises a claim of ineffective assistance of counsel, arguing that counsel: (1) did not advise him with respect to the nature of the charge and maximum possible penalty for the offense, Docket No. 1 at 3; (2) failed to consult with him regarding possible defense, *id.* at 4; (3) failed to consult with him about objections regarding the presentence investigation report, *id.* at 5; and (4) failed to challenge the Court's subject matter jurisdiction, *id.* at 6. The Government opposed the motion, arguing that Petitioner's claims are conclusory

assertions and should be deemed waived. Docket No. 7. The Court finds that Petitioner has failed to establish ineffective assistance of counsel.

I. Ineffective Assistance of Counsel

To warrant § 2255 relief, an ineffective assistance of counsel claim requires a showing that (1) "counsel's performance was deficient," and that (2) "the deficient performance prejudiced the defense . . . [so] as to deprive the defendant of a fair trial." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In other words, a petition must show that "counsel's representation fell below an objective standard of reasonableness," *id.* at 688; and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.

Failure to satisfy one of the *Strickland* prongs is fatal; therefore, the Court is free to tackle either prong first. *United States v. Caparotta*, 676 F.3d 213, 219-20 (1st Cir. 2012); *Tevlin v. Spencer*, 621 F.3d 59, 66 (1st Cir. 2010). The proper standard for judging attorney performance is that of reasonably effective assistance, considering the totality of the circumstances. *Strickland*, 466 U.S. at 687-88. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. This analysis "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Furthermore, in assessing an ineffective assistance of counsel claim, our precedent imposes "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. As such, "[j]udicial scrutiny of counsel's performance must

be highly deferential," *id.*; and "[s]urmounting Strickland's high bar is never an easy task," *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010) (citations omitted).

Turning to the facts of this case, as a threshold matter, this Court notes that all of Petitioner's claims of ineffective assistance by his counsel are stated in conclusory terms and lack any developed argument or citation to authority. *See* Docket No. 1. For this reason alone, Petitioner's assertions are subject to dismissal and deemed waived. *Cody v. United States*, 249 F.3d 47, 53 n.6 (1st Cir. 2001) (citation omitted) (stating that ineffective assistance claims raised in a perfunctory manner are deemed waived); *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) (noting that arguments not developed on appeal are deemed waived).

However, assuming *arguendo* that Petitioner's claims warrant individual examination, the Court will analyze each of them.

First, Petitioner states that counsel did not advise him with respect to the nature of the charge and maximum possible penalty for the offense. Docket No. 1 at 3. Petitioner's allegations are without merit and contradicted by the record. Petitioner acknowledged that he had carefully read and reviewed the Plea Agreement, translated in Spanish by his counsel, and had understood the consequences of pleading guilty. *Quezada*, Crim. No. 13-808, ECF. 103 at 10 (JAG). Furthermore, Petitioner voluntarily initialed the sentencing guideline calculations of the Plea Agreement and acknowledged he was aware of the government's recommendation for his sentence. *Quezada*, Crim. No. 13-808, ECF. 45 at 4, 9 (JAG). Additionally, during his change of plea hearing, the presiding magistrate judge informed Petitioner that his sentence was "entirely in discretion of the sentencing judge and that the Court [had] the authority to impose any sentence within the statutory maximum for the offense [he plead] guilty to." *Quezada*, Crim. No. 13-808, ECF. 103 at 10 (JAG). Petitioner stated that he understood and expressed he was satisfied with the legal advice

and representation provided to him by his counsel. *Id.* at 4. Therefore, because the record establishes that Petitioner was competent and aware of the nature of the charge and maximum possible penalty for the offense, this Court will not reconsider the imposed sentence.

Second, Petitioner argues that counsel failed to consult with him regarding "possible defense."[1] Docket No. 1 at 4. The fact that counsel did not bring forth a possible defense does not constitute ineffective assistance. In fact, Rule 11 of the Federal Rules of Civil Procedure requires attorneys to present claims and defenses that are "warranted by existing law." Fed. R. Civ. P. 11(b)(2). In other words, attorneys are required to "ensure that the proceedings do not continue without a reasonable basis in law and fact," *Cruz v. Savage*, 896 F.2d 626, 630 (1st Cir. 1990) (citations omitted), and therefore, are not obligated to raise every non-frivolous claim. *Lattimore v. Dubois*, 311 F.3d 46, 57 (1st Cir. 2002) (citation omitted). Counsel must select among claims and defenses to maximize the likelihood of success on the merits. *Lattimore*, 311 F.3d at 57. Furthermore, there is no constitutional right to compel counsel to press non-frivolous points, if based on his or her professional judgment, counsel decides not to present those points. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). In the present instance, Petitioner does not present any evidence to persuade the Court that counsel's decision to not present a "possible defense" was deficient or fell below an objective standard of reasonableness. Therefore, Petitioner's claim is without merit.

Third, Petitioner contends that counsel failed to consult with him about objections regarding the presentence investigation report. Docket No. 1 at 5. Once again, the record shows differently. The record reflects that, throughout the sentencing and change of plea hearing,

---

[1] The Court notes that Petitioner has failed to state what defense(s), if any, counsel should had presented. Docket No. 1 at 4. ("The movant contends that his counsel's performance fail below reasonable objective standard when his counsel failed to consult with him at all regarding his case on the possible defense.").

Petitioner was assisted by a Court Interpreter. *Quezada*, Crim. No. 13-808, ECF. Nos. 102, 103 (JAG). At no point during his sentencing hearing did Petitioner stop the proceedings or voice disagreement with the attorney's representation to the Court that he had explained to him the presentence investigation report and that Petitioner had understood it. *Quezada*, Crim. No. 13-808, ECF. 102 at 2 (JAG). Thus, this Court "will not permit [Petitioner] to turn his back on his own representations to the court merely because it would suit his convenience to do so." *United States v. Parilla-Tirado*, 22 F.3d 368, 373 (1st Cir. 1994) (citation omitted). Moreover, when Petitioner voluntarily signed the Plea Agreement he waived all objections. *United States v. Gonzales*, 311 F.3d 440, 442 (1st Cir. 2002) (citations omitted) (stating that an unconditional guilty plea "forfeits all objections and defenses."). As such, this claim of ineffective assistance of counsel also fails.

## II. Subject Matter Jurisdiction

Petitioner also argues that counsel neglected to challenge the Court's subject matter jurisdiction. Docket No. 1 at 6. Once again, Petitioner provides no basis for his allegation.

Article III gives the federal judiciary branch authority over cases arising under the law of the United States; and by statute through 18 U.S.C. § 3231.[2] *Gonzales*, 311 F.3d at 442. Consequently, "a federal court has jurisdiction to try criminal cases only when the information or indictment alleges a violation of a valid federal law." *United States v. Saade*, 652 F.2d 1126, 1134 (1st Cir. 1981); *Gonzales*, 311 F.3d at 442 (stating that a district court has subject matter jurisdiction if the indictment charges the defendant of committing a crime described in one of the statutes defining federal crimes). Here, the Indictment charged Petitioner with violations of 21 U.S.C. §§ 846, 963

---

[2] 18 U.S.C. § 3231 states in part that: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

which are federal criminal statutes. *Quezada*, Crim. No. 13-808, ECF. 10 (JAG). Thus, this Court has subject matter jurisdiction over the instant case as the Indictment tracks the language of the statutes and Petitioner was charged with violating federal law.

In sum, Petitioner has been unable to make a showing of cause and prejudice as to all of his allegations and there is no evidence that his counsel's performance fell below an objective threshold of reasonable care. Accordingly, Petitioner's Motion is **DENIED**.

## CONCLUSION

In view of the foregoing, Petitioner's Motion under 28 U.S.C. § 2255 is **DENIED**.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this Tuesday, August 28, 2018.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge
